# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV204-C

| | |
|---|---|
| **MACARTHUR SHOPPING CENTER, LLC,** | ) ) ) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION** ) |
| vs. | ) ) |
| **AFSHIN G. GHAZI,** | ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss for Failure to Join a Necessary Party" (document #6) filed July 14, 2006; and the Plaintiff's "Response ..." (document #13) filed August 28, 2006. The Defendant has not filed a reply brief and the time for filing a reply has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendant's Motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be denied, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff MacArthur Shopping Center, LLC, is a Delaware limited liability company that owns the MacArthur Center, a shopping center located in Norfolk, Virginia. The Defendant Afshin G. Ghazi is a resident of Mecklenburg County, North Carolina.

On March 15, 1999, the Plaintiff's predecessor in interest, Taubman MacArthur Associates

Limited Partnership, entered into a written lease agreement ("the lease") with Norfolk Castaldi's, LLC ("Castaldi's") for the rental of certain restaurant space at the MacArthur Center.

At the same time, Mr. Ghazi, and four other individuals – Neil Castaldi and his wife, Robin S. Castaldi, and Douglas R. Cuenin and his wife, Cathy Cuenin – signed personal guarantees, each agreeing to be "jointly and severally liable" with the others for Castaldi's obligations under the lease, including its obligation to pay rent.

On February 11, 2005, and due to nonpayment of rent, the Plaintiff obtained in Virginia state court a writ of possession of the restaurant space and evicted Castaldi's.

On May 4, 2006, the Plaintiff filed the its Complaint seeking to recover from Mr. Ghazi all unpaid rent on the lease, that is, $1,384,961.40, plus interest and attorneys' fees.

On July 14, 2006, the Defendant filed the subject Motion to Dismiss, contending that the because they agreed to be jointly and severally liable with Mr. Ghazi and each other, the Castaldis and the Cuenins are "necessary and indispensable parties" under Fed. R. Civ. P. 19.

The Defendant's Motion has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

In resolving a Motion to Dismiss pursuant to Fed. R. Civ. P. 19, the district court must first determine whether the party is "necessary" to the action under Rule 19(a), which provides:

> A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the court determines that the party is "necessary" and, for any reason, the party is

unavailable to be joined in the lawsuit,[1] the court must then determine whether the party is "indispensable" to the action under Rule 19(b).[2] If the unavailable necessary party is also "indispensable" to the action, then the motion to dismiss must be granted. See National Union Fire Ins. Co., v. Rite Ex. Rel. SC, 210 F.3d. 246, 250 (4th Cir. 2000); Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999); Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917-18 (4th Cir. 1999); and Southern Co. Energy Mktg. v. Virginia Elec. and Power Co., 190 F.R.D. 182, 185 (E.D. Va. 1999).

Because of the case-specific nature of Rule 19 motions to dismiss, whether to grant or deny such a motion is within the trial court's discretion. National Union Fire Ins. Co., 210 F.3d. at 250.

Although there is no binding Fourth Circuit authority on point, courts that have considered the issue have concluded that while obligors who are jointly and severally liable may be "necessary" or otherwise "proper parties" to an action to collect the debt from one of them, they are not indispensable parties within the meaning of Rule 19. See, e.g., Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc., 704 F.2d 585, 587 (11th Cir. 1983) (joining "majority of courts [that] hold

---

[1] It is undisputed that the Castaldis and Cuenins are "unavailable" as defendants in this action because at some point, their obligations under the lease and the personal guarantees were discharged in bankruptcy proceedings brought in the United States Bankruptcy Courts for the Western District of Tennessee (Cuenins) and Western District of North Carolina (Castaldis).

[2] Rule 19(b) provides as follows:

If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

3

that ... joint obligors are not indispensable parties to a suit based on breach of contract" and affirming denial of Rule 19 motion where joint lessee on commercial lease could not be joined); Jett v. Phillips & Assocs, 439 F.2d 987, 990 (10th Cir. 1971) ("[b]y the very nature of this joint and several liability, it was not necessary for Jett, as the obligee, to proceed against each and every joint obligor on the note. Conversely, each obligor was not indispensable to an action on the note"); Newman-Green, Inc. v. Alfonzo-Larrain, 734 F. Supp. 1470, 1476 (N.D. Ill. 1990) ("[t]he guarantors are jointly and severally liable, so none is an indispensable party under Fed. R. Civ. P. 19(b)"); Cunard Line Ltd. v. Abney, 540 F. Supp. 657, 659, n.3 (S.D.N.Y. 1982) ("if the obligors are ... [jointly and] severally liable ... then they are merely proper parties to an action against them individually ... consequently, they don't even have the right to insist on joinder and the plaintiff may freely 'pick his target'"); and Willis v. Semmes, Bowen & Semmes, 441 F. Supp. 1235, 1245 (E.D. Va. 1977) ("the traditional rule [is] that contractual co-obligors are not indispensable parties").

Applying these principles to the facts in this case, even assuming arguendo that the Castaldis and Cuenins are "necessary parties" to this case, they are not indispensable parties within the meaning of Rule 19. Rather, the Plaintiff was free to "pick its target," Defendant Ghazi, in its attempt to collect rent to which its is allegedly entitled, and was not required to join any of Mr. Ghazi's co-obligors. Accord Cunard Line Ltd., 540 F. Supp. at 659, n.3 ("if the obligors are ... [jointly and] severally liable ... then they are merely proper parties to an action against them individually ... consequently, they don't even have the right to insist on joinder and the plaintiff may freely 'pick his target'"). Accordingly, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be denied.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendant's Motion to Dismiss for Failure to Join a Necessary Party" (document #6) be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: September 13, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge